# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Sheena Lyons,

                 Plaintiff,       Case No. 25-13827

v.                                Judith E. Levy
                                   United States District Judge

UWM, Bellbrook, Regency Village,
Angels Place, American House   Mag. Judge Kimberly G. Altman
Rochester, Freedom Place,
Wellbridge of Pinckney, Cambrian
Senior Living, Caretel of Brighton,
Symphony Caretel of Linden,
Optalis Troy OPCO, LLC, Brecon
Village, and Burcham Hills
Lansing,

                 Defendants.

_____/

## OPINION AND ORDER DISMISSING THE CASE WITHOUT PREJUDICE

On December 1, 2025, *pro se* Plaintiff Sheena Lyons filed a complaint for employment discrimination against Defendants UWM, Bellbrook, Regency Village, Angels Place, American House Rochester, Freedom Place, Wellbridge of Pinckney, Cambrian Senior Living, Caretel of Brighton, Symphony Caretel of Linden, Optalis Troy OPCO, LLC, Brecon Village, and Burcham Hills Lansing. (ECF No. 1.) On January 6,

2026, Plaintiff filed an "Application to Proceed in District Court without Prepaying Fees or Costs," also referred to as application to proceed *in forma pauperis*. (ECF No. 6.) For the reasons set forth below, the Court dismisses this case for failure to state a claim.

## I. Background

Plaintiff used the Eastern District of Michigan's form complaint for employment discrimination. (ECF No. 1.) According to the complaint, this action is brought pursuant to Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and a variety of unspecified federal, state, and city or county laws ("Discrimination," "Retaliation," "Humiliation," "Hostility," "Profanity," "Sexual "Harassment," "Verbal Harassment," "Physical Altercation," "Ageism," and "False Health Accusations"). (*Id.* at PageID.4.)

Plaintiff claims that the discriminatory conduct took place between August 25, 2024 and December 19, 2024, and that the conduct included termination of her employment, failure to promote her, failure to accommodate her disability, unequal terms and conditions of her employment, retaliation, physical fighting, accusations of mental incompetence, and referring to her with insulting, mocking, and

discriminatory language. (*Id.* at PageID.5.) Plaintiff alleges that "[t]hey referred to me as a witch. They called my children stupid. They said F*** my dead mother. I was not trained on the job. I was called a dog. I experienced Hate crimes." (*Id.* at PageID.6.) Plaintiff asserts that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2024, and that she received a Right to Sue letter from the EEOC on December 1, 2024.[1] (*Id.* at PageID.7.) Plaintiff seeks monetary damages. (*Id.*)

## II. Legal Standard

Because Plaintiff has been given permission to proceed without prepayment of the filing fee, the Court must screen the complaint under § 1915(e)(2)(B) to determine if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of §

---

[1] Plaintiff also checked the box that indicates that the EEOC "has not issued a Notice of Right to Sue letter." (ECF No. 1, PageID.7.)

1915(e)(2) when filed." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Smith v. Bernanke*, 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008).

### III. Analysis

Plaintiff's complaint must be dismissed because it fails to state a claim. Her allegations do not allow the Court to conclude that any Defendant is liable for the misconduct alleged. Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). Rule 8 is intended to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"[D]etailed factual allegations" are not required under Rule 8's pleading standard, but the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and internal citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] *pro se* complaint is to be liberally construed and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This leniency, however, "is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* status does not exempt litigants from meeting basic pleading requirements, nor does it obligate a court to formulate allegations that have not been pleaded. *See Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not

5

survive dismissal under the *Twombly-Iqbal* standard. *See Iqbal*, 556 U.S. at 678.

Plaintiff's complaint contains allegations regarding verbal abuse. However, Plaintiff's statement of facts amounts to less than a formulaic recitation of the elements of a cause of action, but rather vague allegations devoid of any factual connection to Defendants. Her allegations do not allow the court to draw the reasonable inference that any Defendant is liable for the misconduct alleged. *See Twombly*, 550 U.S. at 556.

Plaintiff states that she experienced discriminatory conduct, but does not develop her claims beyond listing examples of verbal abuse, mentioning lack of training on the job, and affirming that she experienced hate crimes. (ECF No. 1, PageID.6.) Plaintiff does not link any of her allegations to any of the Defendants; she does not describe what each Defendant did that caused her harm or violated her rights. (*Id.*) The Court therefore cannot speculate about which facts support which claims, which Defendants are responsible for which alleged violations, or how the elements of each cause of action are satisfied. *See Wells*, 891 F.2d at 594. This deficiency makes it impossible for Defendants to respond to the

6

claims against them and violates the basic principle that defendants are entitled to fair notice of the claims they must defend. *See Twombly*, 550 U.S. at 555. It is not the Court's role to imagine various ways Plaintiff might state a claim. Without any elaboration from Plaintiff, the Court is left to guess at the legal and factual basis of her claims—a task that exceeds the boundaries of liberal construction. *See Porter*, 676 F. App'x at 440.

While liberal construction requires the Court to read the complaint generously, it does not authorize the Court to manufacture allegations that Plaintiff has not made or to speculate about legal theories she has not articulated. After all, even with a liberal construction, the plaintiff is still the one responsible for what she chooses to put in her complaint. *See id.* (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). Thus, because Plaintiff provides only vague allegations without any factual or legal development, Plaintiff's complaint falls below the minimum pleading standards established by *Twombly* and *Iqbal*. Accordingly, the case is dismissed for failure to state a claim.

## IV. Conclusion

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

The Court also denies Plaintiff leave to appeal this case *in forma pauperis* because an appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: January 30, 2026          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

8